UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **BRITTANY NICOLE NOLEN** | **CIV. ACTION NO. 3:22-1523** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **KILOLO KIJAKAZI, ACTING COMMISSIONER, U.S. SOCIAL SECURITY ADMINISTRATION** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM RULING

Before the Court is Plaintiff Brittany Nicole Nolen's Complaint [Doc. No. 1] for review of the Commissioner's denial of her application for Title XVI Supplemental Security Income ("SSI"). On May 2, 2023, Plaintiff tragically passed away. *See* Suggestion of Death and attached obituary [Doc. No. 11]. There is no indication that Plaintiff left a surviving spouse; furthermore, as she was thirty-three years old at the time of death, she was not a child under the Social Security Act. *Id.*

Under these circumstances, where there is no proper party to substitute on behalf of the deceased Plaintiff, her SSI claim was extinguished by her death. *See* 42 U.S.C. § 1383(b)(1)(A); 20 C.F.R. § 416.542(b)(4) (no benefits payable to estate of the underpaid recipient).[1] Because the deceased Plaintiff does not have standing, there no longer is an actual controversy between the parties, and the case is moot.[2] *Mendoza v. Astrue*, 237 Fed. App'x. 164, 165 (9th Cir. 2007) (plaintiff's death mooted her Title XVI claim for SSI benefits); *Callahan v. Comm'r of Soc. Sec.*,

---

[1] *Fowler v. Astrue*, 09-1368, 2010 WL 454765, at *1 (M.D. Fla. Feb. 9, 2010); *Hall ex rel. Hall v. Astrue*, Civ. Action No. 10-0143, 2011 WL 4625949, at *1 (S.D. Ind. Sept. 30, 2011), *aff'd*, 489 Fed. App'x. 956 (7th Cir. 2012); *Cline v. Colvin*, Civ. Action No. 13-23194, 2015 WL 1133631, at *12 (S.D.W. Va. Mar. 12, 2015).

[2] "The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness). Generally, any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006) (internal citation and quotation marks omitted); *see also Dierlam v. Trump*, 977 F.3d 471, 476 (5th Cir. 2020).

2:21-CV-153-JLB-PDB, 2022 WL 971774, at *1 (M.D. Fla. Mar. 31, 2022) (plaintiff's death rendered her SSI claim moot).

Of course, "[m]ootness deprives a court of jurisdiction,"[3] which the Court is obliged to raise *sua sponte*. *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999) (citation omitted). Furthermore, if, at any time, the Court determines that it lacks subject matter jurisdiction, dismissal is required. FED. R. CIV. P. 12(h)(3). Thus, this Court finds that the instant matter must be dismissed without prejudice for lack of subject matter jurisdiction.

A judgment in accordance with this ruling shall issue herewith.

MONROE, Louisiana, this 24th day of July 2023.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[3] *Foster v. NFN Warden, Fed. Det. Ctr., Seagoville*, 31 F.4th 351, 354 (5th Cir. 2022).